FRANCESCO VALENTE *vs.* AMERICAN BRIDGE COMPANY, a corporation existing under the laws of the State of New Jersey.

*Personal Injuries— Negligence— Evidence — Pleading — Rules— Sufficient Number of Co-Employees—Primary Duties of Master—Instructions to Employee—Assumption of Risk— Fellow Servants—Jury to Determine.*

1. An averment of negligence contained in the plaintiff's declaration, being simply that the employee, who was an Italian, did not understand English, and was put under the charge of people who did not understand Italian, *held* insufficient.

2. *Held,* that the specifications contained in the plaintiff's declaration did not show that the employments were such as that the question of an unsafe place would arise.

3. The specifications in regard to rules contained in the declaration failing to show that any injury resulted from the absence of rules, *held* insufficient.

4. A count in the declaration averred that the injury resulted from failure on the part of the defendant to employ a sufficient number of fellow servants to assist in the work that was being done. *Held,* sufficient, although the ignorance of the employee of the risk was not averred.

5. If the servant is inexperienced and unacquainted with the dangers incident to the employment in which he is about to engage, it is the duty of the master to give him proper instructions as to the employment and to warn him against its dangers. The master may, in giving him such instructions and warnings, in the absence of knowledge to the contrary, assume that the servant has the knowledge and discernment which a person of his age and intelligence ordinarily possesses.

6. The servant assumes no risk as to the primary duties of the master, but does assume all the ordinary risks incident to the employment, including the negligence of a fellow servant.

7. The question, whether the persons engaged in loading iron columns on a car were, or were not, the fellow servants of the plaintiff engaged in painting the iron column which was first placed on the car, submitted to the jury for determination.

(*June* 10, 1907; *February* 12, 1908.)

LORE, C. J., and GRUBB and PENNEWILL, J. J., sitting, at the hearing upon the demurrer. Associate Judges SPRUANCE and BOYCE sitting at the trial.

*Leonard E. Wales* for plaintiff.

*William S. Hilles* for defendant.

Superior Court, New Castle County, May Term, 1907.

ACTION ON THE CASE to recover damages for personal injuries. Demurrer.

Plaintiff's declaration consisted of four counts. The first count was as follows:

"1.  FOR THAT WHEREAS, heretofore, to wit, at the time of the happening of the grievances hereinafter mentioned, the said defendant was and still is a corporation existing under the laws of the State of New Jersey, and as such corporation, operated and carried on a certain mill and manufacturing establishment in New Castle County and State of Delaware aforesaid, for the manufacture *inter alia* of bridges, bridge material and structural iron work; and the said plaintiff, at the time aforesaid, was employed by the defendant as a workman in its said business; that while so employed, it became and was the duty of the said defendant not to subject the said plaintiff, in the course of his employment, to any risks against which he could be guarded by reasonable diligence on the part of the said defendant; yet the said defendant, not regarding its duty in that behalf, on the eighteenth day of July, A. D. 1906, at the County aforesaid, negligently and carelessly ordered and directed the said plaintiff, (who was then and there, to the knowledge of said defendant, an Italian, unacquainted with and unable to speak or to understand the English language, and without previous knowledge or instruction in such line of employment), to work on a certain railroad car, commonly known as a gondola car, painting certain long and heavy beams or pieces of structural iron at the same time said car was being loaded with like heavy beams or pieces of structural iron, by certain other employees of the said defendant,— said last mentioned employees using, by its order and direction, for such purpose, two certain wheel pulleys or trolley cranes, each with heavy iron chains and a hook thereto attached-

composing the sling in which the heavy beams or pieces of structural iron were successively fastened and afterwards moved and conducted over toward and placed upon said car,—said pulleys or cranes being suspended from and adjusted to run along a beam or girder in the roof of the defendant's mill, and being operated wholly by hand; that the other said employees then and there engaged in loading said car, by means of the pulleys or cranes, in the manner aforesaid, were unable to speak or to understand the Italian language,—all of which said several premises being well known to the said defendant. And the said plaintiff avers that while he was at work as aforesaid, on said railroad car, in the diligent discharge of his duties in obedience to the order and direction of the defendant and while in the exercise of due care and caution on his part, and ignorant of the risk or danger to which he was subjected, he was painting a certain beam or piece of structural iron, with his back toward the other said employees, who were engaged in loading said railroad car, in the manner aforesaid, a certain other heavy beam or piece of structural iron after being by them then and there conducted and carried by means of said pulleys or cranes over said railroad car, from a point in the rear of the said plaintiff, escaped from the management and control of the said employees in charge of the same, and without any notice or warning given to the said plaintiff by the said defendant of its approach and without any opportunity on the part of the plaintiff to avoid being injured thereby, said heavy beam or piece of structural iron became and was suddenly loosened or detached from the slings in which it was fastened, and fell down upon and struck against the right foot of the said plaintiff, and thereby his right foot was so crushed and injured, that it was necessary afterwards to amputate the same; and by means of the premises, the said plaintiff was crippled for life, (and otherwise crushed and injured, and made sick, sore, lame and disordered, whereby the said plaintiff also suffered very great pain for a long time thereafter, to wit, hitherto, and by reason of the premises, hath been prevented from the time of his

injuries aforesaid hitherto, and will be prevented during his life, from doing and performing work and labor for his support, and was obliged to lay out and expend large sums of money, to wit, the sum of Five Hundred Dollars ($500.00) and became and was liable for the payment of other sums of money, in and about the treatment and endeavoring to be healed of the injuries aforesaid, to the damage of the said plaintiff in the sum of Ten Thousand Dollars ($10,000.00), and therefore he brings his suit, &c."

In the second count the negligence of the defendant was alleged as follows:

"That the said defendant then and there owed to the said plaintiff, while in its employ, the duty to furnish him with a reasonably safe place in which to work, yet the said defendant, not regarding its duty in that behalf, negligently and carelessly failed to provide the plaintiff with a reasonably safe place in which to work, but negligently and carelessly placed him in a position of great danger, in that on or about the eighteenth day of July, A. D. 1906, by the order and direction of the said defendant, the plaintiff was removed and transferred from the work for which he was originally engaged, under an Italian foreman or boss, as a trench digger, and set to work under a forman or boss who did not know or understand the Italian language, painting long and heavy beams or pieces of structural iron without any previous instruction being given to said plaintiff as to his duties in connection with such work, and also without having any notice or warning from the defendant of the risks and dangers incident thereto. And the said plaintiff avers that on the day and year aforesaid, while he was at work in the main or "bridge shop," in obedience to the order and direction of the defendant, on a railroad car which was of the kind commonly known as a gondola car, ignorant of any risk or danger, and, in the exercise of due care and caution on his part, was painting a certain heavy beam or piece of structural iron, certain other employees, by the

order and direction of the defendant,"—was injured as aforesaid.

The third count made the following allegations as to defendant's negligence:

"That to the plaintiff, while so employed as aforesaid on said railroad car, while the same was being loaded in the manner aforesaid, the defendant owed the duty of providing an adequate number of competent fellow-servants to assist in the proper handling and management of said beams or pieces of structural iron, yet the said defendant, not regarding its said duty in that behalf, negligently and carelessly omitted to employ a sufficient number of competent fellow-servants, but had then and there only four men to assist in the work aforesaid, so that on the eighteenth day of July, A. D. 1906, at the County of New Castle aforesaid, while the plaintiff was at work on said railroad car in obedience to the order and direction of said defendant, and in the exercise of due care and caution on his part, a certain long and heavy beam or piece of structural iron, of very great size and weight, then and there being conducted by means of the pulleys or cranes aforesaid, from a point in said Mill in the rear of the said plaintiff, and without any notice or knowledge on his part of its approach, by reason of the inadequate number of employees in charge of the same, during the time aforesaid, escaped from their control and management, when and as soon as it reached a point over said car where the plaintiff was at work, and suddenly becoming loosened or detached from the slings in which it had been placed or fastened, fell down upon and one end thereof struck against the right foot of the said plaintiff, badly crushing and injuring the same," etc.

The fourth count alleged the defendant's negligence as follows:

"4. * * * * that to the plaintiff, while so employed, the defendant owed the duty of making and promulgating proper rules and regulations for the government of himself and other fellow-servants of the said defendant, in the operation of the said

business,—the same being of such a dangerous and complex nature as to reasonably require such rules and regulations,— particularly with respect to the instructions to be given to such employees as were foreigners, and unable to speak or to understand the English language, and also in relation to placing them at work under foremen or bosses, and with fellow laborers or employees, who could not speak or undersand the language familiar to such foreign workmen or employees; yet the said defendant, not regarding its said duty in that behalf, on the eighteenth day of July, A. D. 1906, had not made or promulgated any such rules as aforesaid, and by reason thereof, on the day and year last aforesaid, at the county aforesaid, the said defendant negligently and carelessly conducted and carried, by means of certain wheel pulleys or trolley cranes, each suspended from and adjusted to run along a beam or girder in the roof of its said Mill, a certain long and heavy beam or piece of structural iron, from a point on the floor of said Mill, over and towards a railroad car, commonly known as a gondola car, upon which said iron beam was to be loaded, and also upon which he, the said plaintiff, was then and there at work by the order and direction of the said defendant, in the exercise of due care and caution on his part, and unaware of the approach from behind him of the pulleys or cranes aforesaid, supporting and carrying said heavy iron beam; that as said pulleys or cranes carrying said heavy iron beam reached a point over the car on which the said plaintiff was at work, by and through the carelessness and negligence of the said defendant in not making and promulgating proper rules and regulations as aforesaid, the said plaintiff had no notice or warning of approaching danger and an opportunity to avoid being injured, and said iron beam suddenly becoming loosened and detached from the slings in which it was fastened, fell down upon and one end thereof struck against the right foot of the said plaintiff, and thereby it became and was so badly crushed and injured, that it was necessary afterwards to amputate the same, and by means of the premises, the said plaintiff was crippled for life," etc.

*Hilles*, for defendant, filed the following demurrers to the above declaration:

"As to the first and second counts.

"(1) That it does not appear wherein the said defendant is claimed to have been negligent.

"(2) There is no charge of negligence against the said defendant set forth in the said count.

"As to the third count.

"(1) It does not appear therefrom wherein the said defendant is alleged to be negligent.

"(2) It does not appear therefrom how many employees should have been engaged in the work then being done by the said defendant. It does not appear therefrom how many employees were engaged by the said defendant.

"(3) It does not appear therefrom that the said plaintiff was ignorant of the risks, if any, to which he was subjected by reason of the alleged insufficiency of the number of employees of the said defendant engaged in the work aforesaid.

"As to the fourth count.

"(1) That the said count is double.

"(2) It does not appear therefrom what rules or regulations the said defendant should have promulgated and enforced.

"(3) It does not appear therefrom that the accident was due to a failure of the said defendant to promulgate rules and regulations.

"(4) That there is no negligence charged in the said count as against the said defendant."

*Wales*, for plaintiff, in support of the narr, contended:

1. The first count alleges a distinct breach of duty imposed by law on the defendant, namely; not subjecting the plaintiff to a risk against which he could have been guarded by reasonable diligence, and the count fully describes the negligent acts connected with the alleged breach.

*Donoho vs. Railway Co.*, 4 *Pennewill* 55; *Jones vs. Railway Co., Ib.* 201; *Coughlin vs. Blumenthal*, 96 *Fed.* 920.

2. The second count charges the defendant with the duty of furnishing the plaintiff a reasonably safe place in which to work, and alleges a violation of this duty by the defendant with the particular facts and circumstances. Negligence is clearly charged.

Authorities *supra.*

3. The *gravamen* of the complaint in the third count is the failure on the part of the defendant to employ a sufficient number of competent fellow-servants. It is not necessary for the plaintiff to specify how many employees should have been engaged in the work at the time the injury occurred. A pleader is not bound to set forth facts or circumstances, the knowledge of which is more properly or peculiarly in the opposite party or detail the circumstances minutely. The defendant is informed with reasonable certainty of what is proposed to be proved, and has a fair opportunity to meet facts alleged in preparing its defense.

*King vs. Railway Co.*, 1 *Pennewill* 452; *Jones vs. Railway Co., Ib.* 201.

The generally accepted doctrine does not require an injured employee, in addition to charging specific negligence that he was ignorant of the risk or did not know the condition of the defective instrumentality.

2 *Labatt on M. & S., Section* 857 (cases cited).

4. A count is double only when it alleges several distinct and independent breaches of duty. Mere diversity of facts will not render it double when all of the facts taken together tend to the statement of one point or ground of recovery.

*Mullen vs. Blumenthal    Pennewill* 476; *Jarman vs. Windsor*, 2 *Harr.* 162; 2 *Labatt on M. & S., Sec.* 861; 7 *Ency. of Pl. & Pr.*, 237, 238.

A plaintiff is not required to specify in his declaration any particular rule which in his view should have been made.

*Couglin vs. Blumenthal,* 96 *Fed.* 920.

The fourth count alleges the defendant's failure to make and promulgate proper rules and sets forth in what respect such rules were lacking, and also charges that by reason of such failure and neglect on the part of the defendant, injury occurred. Negligence could not be more specifically charged."

LORE, C. J.:—After careful consideration of the demurrers filed to the declaration in this case and the arguments of counsel, the Court have reached the conclusion that the demurrer to the first count of the declaration should be sustained. The averment of negligence therein on the part of the defendant company seems to be simply that the employee, who was an Italian, did not understand English and was put under the charge of people who did not understand Italian.

The second count embraces the averment of an unsafe place, and we think the specifications therein are not such employments as an unsafe place would enter into at all, and therefore sustain the demurrer to that count.

In the fourth count the charge is that there were no sufficient rules published. In the specifications there the plaintiff does not rely broadly upon the fact that there were no proper rules, but upon other matters, and therefore we think that the specifications fail to show that any injury resulted from the absence of rules. We sustain the demurrer to the fourth count.

In the third count it is averred, however, that the injury resulted from a failure on the part of the defendant to employ a sufficient number of competent fellow-servants to assist in the work that was being done. We think with respect to that count that the demurrer should be overruled. We do not think that it is absolutely necessary that the ignorance of the employee of the risk should be averred.

(The declaration was thereupon amended in accordance with the above rulings, and the case was tried at the January Term, 1908, before Associate Judges SPRUANCE and BOYCE.)

Boyce, J., charging the jury:

Gentlemen of the jury:—Franscesco Valente, the plaintiff in this action, seeks to recover from the American Bridge Company, the defendant, damages for personal injuries, which, it is alleged, were occasioned by reason of the negligence of the defendant company, on the 18th day of July, A. D. 1906, while at work for the defendant company, on a gondola car, at Edge Moor, near this City.

The plaintiff by the several counts relied on in his declaration, charges substantially (1) that the defendant company negligently subjected him to unnecessary dangers and risks against which he could have been guarded by reasonable diligence on the part of the company; (2) that it negligently failed to provide him with a reasonably safe place in which to work; (3) that it negligently failed to make and promulgate proper rules for the government and protection of its employees; and (4) that it negligently failed to reasonably instruct him as to his duties and to warn him of the risks and dangers connected therewith.

The plaintiff is an Italian, and it is claimed that he is unable to speak or understand the English language; that originally, and for about a month and a half previous to the time of the accident, he had been employed by the defendant as a laborer for outside work under an Italian foreman; that on or about the 18th day of July A. D. 1906, by direction of another foreman, he was set to work on a gondola car, painting a long and heavy piece of structural iron which had been placed lengthwise on the car; that while so engaged, in obedience to his orders, he being in a stooping posture, other employees back of him undertook, without notice or warning to him, to remove and conduct by means of trolley cranes a like heavy piece of structural iron towards, over and upon said car, suddenly striking against the frame or column which he was painting, and caused the same to fall over and upon his right foot, and so crushed and injured it as that it was afterwards necessary to amputate it. It is claimed that the plaintiff was, at the time of the accident, in the exercise of due

care and caution, and that he was ignorant of the risks and dangers incident to the work in which he was then engaged.

It is conceded that the plaintiff was seriously injured on the said 18th day of July, A. D. 1906, while engaged in painting an iron column which had been placed on said car shortly before the plaintiff had been directed to go on the car. The defendant denies, however, that the said injuries were occasioned by the negligence of the company, and insists that they were caused by one or more of the fellow-servants of the plaintiff engaged in a common employment; for which it is contended that the defendant is not legally liable.

The relation existing between the defendant company and the plaintiff, at the time of the accident, was that of master and servant.

The primary duties of the master so far as the pleadings and evidence in this case require us to enumerate, are these: He must furnish his servant with a reasonably safe place in or upon which to work, and promulgate rules for the government and protection of his servants in operating his business, where the extent of it exceeds the limits of his personal supervision. If the master fails to observe these primary duties imposed upon him and injury results to his servant for such failure, without the fault of the servant, he will be liable therefor on the ground of negligence. And he cannot delegate these duties to another and thereby escape liability for the non-performance of them.

If the servant is inexperienced and unacquainted with the dangers incident to the employment in which he is about to engage, it is the duty of the master to give him proper instructions as to the employment and to warn him against its dangers. The master may, in giving him such instructions and warnings, in the absence of knowledge to the contrary, assume that the servant has the knowledge and discernment which a person of his age and intelligence ordinarily possesses.

The place furnished in or upon which to work need not be the

safest nor the best.    It is sufficient if it be reasonably safe and adapted to the purpose of the employment.

The servant assumes no risk whatever as to the primary duties imposed upon the master, at the time he enters upon his employment; but he does assume all the ordinary risks incident to the employment, including the negligence of a fellow-servant in the same general employment.    And the servant is required to exercise due care and caution in the course of his employment so as to avoid the dangers and risks of injuries incident thereto; for the master, if he has performed the primary duties required of him, is not an insurer of the safety of his servant.

This action is based upon the alleged negligence of the defendant.    The burden of proving such negligence is upon the plaintiff, and it must be proved to your satisfaction by a preponderance of the evidence, for negligence is never presumed. Whether there was any negligence, at the time of the accident, and whose, must be determined by you from the evidence, under all the facts and circumstances detailed to you by the witnesses

Negligence, in a legal sense, has been defined to be the failure to observe for the protection of the interests of another person that degree of care, precaution and vigilance which the circumstances justly demand, whereby such other person suffers injury. To entitle the plaintiff to recover in this action, he must satisfy you that the injuries complained of resulted from the negligence of the defendant, and that at the time of the accident he was without any fault or negligence which proximately entered into and contributed to his injuries.    For if at that time his negligence did proximately contribute to his injuries, it would defeat his right to recover.

The burden of proving negligence on the part of the defendant rests upon the plaintiff, and the burden of proving negligence on the part of the plaintiff rests upon the defendant.

We have been requested to instruct you to render a verdict for the defendant.    This we decline to do.    And we submit to

you the question, whether, under the evidence, considered in connection with the law announced to you by the Court, your verdict should be for the plaintiff or the defendant. In endeavoring to arrive at a proper verdict, you should determine from the evidence, (1) whether the defendant did furnish the plaintiff with a reasonably safe place in and upon which to work; and (2) whether the plaintiff, by reason of inexperience, inability to speak or understand the English language, and from want of proper instructions, was, in fact, without knowledge of the danger attending his work on the car.

If you find that the defendant did not furnish the plaintiff with a reasonably safe place in and upon which to work, or that the defendant did not properly instruct him as to the dangers incident to the employment, and that the injuries to the plaintiff resulted in consequence thereof without the fault or negligence of the plaintiff contributing thereto at the time, your verdict should be for the plaintiff. If on the contrary, you find that the defendant met these legal requirements, or failing to meet them, or any of them, yet if the plaintiff did appreciate the danger attending his work on the car, and that at the time of the accident he was not in the exercise of that degree of care and caution which a person of ordinary prudence should have exercised under like circumstances, your verdict should be for the defendant. For if the plaintiff knew or ought to have known by the exercise of reasonable care and attention that servants of the company were engaged in loading the car on which he was working, and if he knew or ought to have known that the column which he was painting, if struck by another column, was liable to fall, he assumed the risk or danger incident thereto, and cannot recover, regardless of any question of the change in his employment.

Ordinarily in a case where the jury should find that the defendant had provided suitable and proper appliances and suitable and competent fellow-servants, the defendant would not be liable for injuries occasioned by the negligence of a fellow-servant in the same general employment. We submit to your de-

termination from the evidence which you have heard whether the persons engaged in loading said car were, or were not, the fellow-servants of the plaintiff engaged in painting the iron column which was first placed on said car.

You have heard the testimony in this case. You are the exclusive judges of the credibility of the witnesses and of the weight and value of their testimony. You should decide this case in favor of the plaintiff or the defendant according as you find the preponderance or greater weight of the evidence.

If you find for the plaintiff, the measure of damages would be such reasonable sum as will compensate him for his injuries, including therein his loss of time and wages, his pain and suffering in the past and such as may come to him in the future, and for such permanent injuries as he may have sustained, as well as any pecuniary loss from disability to earn a living since the accident or in the future as the result of such injuries.

Verdict for plaintiff for $500.00.

NOTE.—On May 24, 1909, on writ of error, the above judgment of the Court was reversed by the Supreme Court—Consisting of Nicholson, ch., Lore, C. J., and Grubb and Pennewill, J. J.—